UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN MEYERS, *et al.*, | : | Case No. 1:17-cv-521 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| CINCINNATI BOARD OF EDUCATION, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO APPEAL AND MOTION FOR STAY PENDING APPEAL (Doc. 29)**

This civil action is before the Court upon Defendants Cincinnati Board of Education, Mary Ronan, Ruthenia Jackson, and Jeffery McKenzie's (collectively, "Defendants") motion for leave to appeal and motion for stay pending appeal (Doc. 29), and the parties' responsive memoranda (Docs. 35, 37).[1]

## I.   BACKGROUND

On September 24, 2018, this Court granted in part and denied in part Defendants' motion to dismiss. (Doc. 26). The facts of the case, which are set out in the amended complaint (Doc. 27) and were accepted as true for purposes of the Court's ruling on the motion to dismiss, *see Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), are set forth in detail in this Court's Order. (Doc. 26 at 1–4).

---

[1] Defendant Margaret McLaughlin, also named as a Defendant in the amended complaint, is not included among the Defendants who seeking relief.

In the Order, the Court dismissed several of Plaintiffs' claims and grounds for relief in the Amended Complaint.[2] The Court found that the following claims against the Carson Defendants[3] should proceed: substantive due process (state-created danger) (Count 1), substantive due process (shocks the conscience) (Count 3), equal protection (Count 4), wrongful death (Count 6), intentional infliction of severe emotional distress (Count 8), negligent infliction of emotional distress (Count 9), loss of consortium (Count 10). The Court also allowed Plaintiff's claims against Defendants for spoliation (Count 11) to proceed.

Finally, the Court allowed Plaintiff's municipal liability claim against the Board Defendants[4] (Count V) to proceed on the three grounds (custom, inadequate training/supervision, and ratification). Defendants note that they plan to appeal, as of right, the Court's rejection of the Board Defendants' claim for statutory immunity.[5] Defendants state that they intend to ask the Sixth Circuit to take pendent jurisdiction over the remaining grounds on which the Court denied the motion to dismiss. (Doc. 29 at 3). Defendants now move the Court to certify all of the grounds on which it denied the

---

[2] The motion to dismiss did not seek to dismiss Plaintiff's claim against Defendant McLaughlin for negligent nursing (Count 7).

[3] "Carson Defendants" refers collectively to Defendants Jackson, McKenzie, and McLaughlin.

[4] "Board Defendants" refers collectively to Defendants Cincinnati Board of Education and Superintendent Ronan.

[5] Defendants seem to imply that the Court rejected immunity claims raised by all of the Defendants (Doc. 29 at 3–5), but the motion to dismiss only sought statutory immunity for the Board Defendants. Defendants Ruthenia Jackson and Jeffery McKenzie did not raise the issue of qualified immunity.

motion to dismiss for immediate appeal pursuant to 28 U.S.C. § 1292(b). Defendants also move the Court to stay proceedings during the appeal pursuant to Fed. R. Civ. P. 62.

## II. STANDARD OF REVIEW

The district court may certify an order for interlocutory appeal if the court is of the opinion that three conditions exist: "(1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion and ... (3) an immediate appeal may materially advance the termination of the litigation." 28 U.S.C. § 1292(b). "[I]nterlocutory appeals are limited to questions that present 'neat abstract issues of law.'" *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006) (quoting *Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997)).

## III. ANALYSIS

The parties do not dispute that there are three questions of law that are controlling: (1) what constitutes an affirmative act to establish a state-created danger claim; (2) what constitutes conscience-shocking behavior to establish a "shocks the conscience" claim; and (3) whether an individual can be a member of both the favored and disfavored classes of an equal protection claim. However, the parties disagree on whether there is "substantial ground for difference of opinion" on these questions and whether an interlocutory appeal would "materially advance the termination of the litigation."

**A. Substantial Ground for Difference of Opinion**

A "substantial ground for difference of opinion" is present in at least three circumstances: "(1) the case is difficult and of first impression; (2) a difference of opinion

3

exists within the controlling circuit; or (3) the circuits are split on the issue." *United States ex rel. Elliot v. Brickman Group Ltd., LLC*, 845 F.Supp.2d 858, 866 (S.D. Ohio 2012) (quoting *In re Regions Morgan Keegan ERISA Litig.*, 741 F.Supp.2d 844, 849 (W.D. Tenn. 2010)).

The Court stands by its ruling and reasoning in its Order on Defendants' motion to dismiss that (1) the allegations that Carson Defendants lied to Gabriel Taye's mother about the nature of Taye being knocked unconscious at school constitutes an affirmative act; (2) the Carson Defendants' actions were conscience-shocking under the factors established by the Sixth Circuit in *Range v. Douglass*, 763 F.3d 573, 590 (6th Cir. 2014); and (3) that Plaintiffs adequately plead an equal protection claim by alleging that Carson students were treated differently when their injuries were the result of bullying rather than other causes. However, the Court finds that these issues are either novel or that there is substantial ground for difference of opinion for each of the three questions of law.

Regarding the controlling question related to affirmative acts, the Third Circuit has found that false assurances do not constitute affirmative acts. *See Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006) (finding that a police officer's assurance that someone would be arrested, an action not taken, could not constitute an affirmative action); *Ye v. United States*, 484 F.3d 634, 640 (3d Cir. 2007) (finding that a doctor's false assurances of safety was not an affirmative act). Yet in *Ye*, the Third Circuit noted that precedent did not "totally foreclose the possibility that words could constitute an affirmative act." *Ye*, 484 F.3d at 642. While here Plaintiffs allege that the

4

Carson Defendants affirmatively misrepresented the cause of Taye's injuries, not merely made false assurances of his safety, the Sixth Circuit has not ruled on whether affirmative misrepresentations and concealment constitute affirmative acts.

Second, the Sixth Circuit has not examined a shocks-the-conscience claim in a school bullying scenario. In *Range*, the Sixth Circuit noted that there is difficulty in "determining where conscience-shocking behavior resides on the continuum of actions." *Range*, 763 F.3d at 590. The Court acknowledges that there may be reasonable grounds for arguing that the Carson Defendants' behavior does not violate "the decencies of civilized conduct." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).

Third, the issue of whether an individual can be a member of both the favored and disfavored classes of an equal protection claim at the same time is novel within the Sixth Circuit. As the Sixth Circuit has noted, it is appropriate to certify a case for immediate appeal where there is a threshold legal issue. *Bailey v. Johnson*, 48 F.3d 965, 966 (6th Cir. 1995) ("The district court denied defendants' motion, but, recognizing the importance of this threshold issues, it certified the case for immediate appeal under 28 U.S.C. § 1292(b).")

Therefore, the Court finds that the first two conditions for certification of an interlocutory appeal are present.

**B. Immediate Appeal May Materially Advance the Termination of Litigation**

The Court also finds that certifying this action for interlocutory appeal would advance the ultimate termination of the litigation. The Sixth Circuit has found that where

5

an interlocutory appeal may remove a defendant or remove claims against other defendants, it "may materially advance" the litigation. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (6th Cir. 2011). Here, an interlocutory appeal may find that the Board Defendants have statutory immunity or that Plaintiffs have failed to state claims for constitutional violations by Defendants Jackson and McKenzie. Accordingly, the Court finds that interlocutory appeal may materially advance the litigation and thus all three conditions justifying certification for interlocutory appeal exist.

The Sixth Circuit has held that, where immunity is on appeal, the trial court should stay discovery. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). For that reason alone, the Court finds that Defendants' motion to stay should be granted.

Courts generally must consider four factors in considering whether to grant a stay pending appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016). First, while Defendants' likelihood of success on appeal is speculative, the Court realizes that there are substantial grounds for difference of opinions on the issues raised by Defendants on appeal. The second factor weighs in favor of a stay because the Board Defendants, who have raised the issue of statutory immunity under Ohio Revised Code § 2744.03, would be irreparably harmed by being forced to litigate and conduct discovery while their immunity is on appeal. The

6

third factor weighs slightly in favor of Plaintiffs as a stay will delay litigation. The fourth factor ultimately does not weigh in favor of either party. Defendants argues that a stay serves the public interest because vindicating a party's statutory immunity is in the public interest, while Plaintiffs note that protection of constitutional rights is always in the public interest. The Court finds that, on balance, these factors weigh in favor of granting a stay pending appeal.

Accordingly, the Court believes that a stay pending appeal is warranted as justice and judicial economy will be best served if this case proceeds as one case.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for leave to appeal and for stay pending appeal (Doc. 29) is **GRANTED.** The Court hereby **STAYS** the current action until the Sixth Circuit has ruled on Defendants' appeal.

**IT IS SO ORDERED.**

Date:     2/5/19

　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge