## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KAREN MEYERS, *et al.*, | : | Case No. 1:17-cv-521 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CINCINNATI BOARD OF | : | |
| EDUCATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY (Doc. 40)

This civil action is before the Court upon Plaintiffs' motion to lift stay (Doc. 40)

and the parties' responsive memoranda (Docs. 41, 42).[1]

## I.      BACKGROUND

On September 24, 2018, this Court granted in part and denied in part Defendants

Cincinnati Board of Education, Mary Ronan, Ruthenia Jackson, and Jeffrey McKenzie's

(collectively, "Defendants") motion to dismiss.  (Doc. 26).  The facts of the case, which

are set out in the Amended Complaint (Doc. 27) and were accepted as true for purposes

of the Court's ruling on the motion to dismiss, *see Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012), are set forth in detail in that Order.  (Doc. 26 at 1–4).

---

[1] Defendant Margaret McLaughlin, also named as a Defendant in the amended complaint, is not included among the Defendants who oppose the motion to lift stay.

In the Order, the Court dismissed several of Plaintiffs' claims and grounds for relief in the Amended Complaint.[2]  The Court found that the following claims against the Defendants Jackson and McKenzie should proceed: substantive due process (state-created danger) (Count 1), substantive due process (shocks the conscience) (Count 3), equal protection (Count 4), wrongful death (Count 6), intentional infliction of severe emotional distress (Count 8), negligent infliction of emotional distress (Count 9), loss of consortium (Count 10).  The Court also allowed Plaintiffs' claims against Defendants for spoliation (Count 11) to proceed.  Finally, the Court allowed Plaintiffs' municipal liability claim against the Board Defendants[3] (Count V) to proceed on the three grounds (custom, inadequate training/supervision, and ratification).

In the Order, the Court found that Defendants Jackson and McKenzie were not entitled to immunity under the Ohio Political Subdivision Immunity Act because their alleged acts were, at a minimum, reckless.  (Doc. 26 at 23).  As of right, the Defendants Jackson and McKenzie were entitled to appeal this Court's finding that they were not entitled to immunity on the state law claims (Counts 6, 8, 9, 10, 11), and they did so on October 9, 2018.  (Doc. 28).  Defendants' motion to dismiss did not raise any qualified immunity defenses for the constitutional violations alleged in the Amended Complaint.

_____

[2] The motion to dismiss did not seek to dismiss any claims pertaining to Defendant Margaret McLaughlin, a nurse at Carson Elementary School.  Defendant McLaughlin has already filed an answer to the Amended Complaint.  (Doc. 36).

[3] "Board Defendants" refers collectively to Defendants Cincinnati Board of Education and Superintendent Mary Ronan.

Concurrently upon filing their notice of appeal, Defendants also filed a motion for leave to appeal and motion to stay pending appeal. (Doc. 29). The motion requested that the Court certify three questions for the Sixth Circuit to address upon interlocutory appeal: (1) what constitutes an affirmative act to establish a state-created danger claim; (2) what constitutes conscience-shocking behavior to establish a "shocks the conscience" claim; and (3) whether an individual can be a member of both the favored and disfavored classes of an equal protection claim. The Court granted Defendants' motion for leave to appeal and stayed "the current action until the Sixth Circuit has ruled on Defendants' appeal." (Doc. 38 at 7).

On March 26, 2019, the Sixth Circuit denied Defendants' petition for interlocutory review finding that "interlocutory review of the otherwise non-appealable portions of the September 24 order would not be a constructive use of judicial resources and might not materially advance the ultimate termination of the litigation." *In re Cincinnati Board of Education*, No. 19-0301, slip op. at 2 (6th Cir. Mar. 26, 2019). The Court of Appeals noted that Plaintiffs' constitutional claims "are very fact-dependent, and resolving these constitutional issues requires further factual development." *Id.*

In light of the Sixth Circuit's rejection of Defendants' petition to appeal, Plaintiffs filed the current motion to lift stay, which motion is ripe for review.

## II.     STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for

itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.,* 299 U.S. 248, 255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

Courts generally must consider four factors in considering whether to grant a stay pending appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016).

## III.    ANALYSIS

Plaintiffs' motion requests that the Court lift the stay of discovery regarding all claims against the Board Defendants and Defendant McLaughlin and regarding the constitutional claims against Defendants Jackson and McKenzie.

As an initial matter, while Defendants argue that a finding by the Sixth Circuit in the ongoing appeal that Defendants Jackson and McKenzie were not reckless would dispose of all constitutional claims against all Defendants, this is not accurate. Even if the Sixth Circuit determined that Defendants Jackson and McKenzie did not act

recklessly, at most that would eliminate the state-created danger claim and equal protection claim against Defendants Jackson and McKenzie. The shocks the conscience claim against Defendants Jackson and McKenzie would remain because recklessness is not at issue in the analysis of that claim. Therefore, Plaintiffs' claims against the Board Defendants would remain based on that claim against Defendants Jackson and McKenzie. Moreover, Defendants argue that "[t]he Board of Education's liability is wholly derivative of Jackson's and McKenzie's." However, this is also inaccurate because claims against the Board Defendants' liability also stems from claims against Defendant McLaughlin, which are going forward. Constitutional claims against all Defendants will continue no matter the result of the appeal.

Regarding the first factor on whether a stay is appropriate, in initially granting the stay in this action, the Court emphasized that "Defendants' likelihood of success on appeal is speculative[.]" (Doc. 38 at 6). After the Sixth Circuit's rejection of Defendants' petition for appeal, the Court is more convinced that Defendants are unlikely to succeed on their statutory immunity appeal. Whether Defendants Jackson and McKenzie acted recklessly is very-fact dependent and the Court finds that the likelihood that they will prevail on the merits of their appeal is low. Accordingly, the first factor weighs against a stay.

Second, the Court initially found that the second factor weighed in favor of a stay because Defendants Jackson and McKenzie, who have raised the issue of statutory immunity under Ohio Revised Code § 2744.03, would be irreparably harmed by being

forced to litigate and conduct discovery while their immunity is on appeal. However, as discussed *supra*, now that the Sixth Circuit rejected Defendants' petition for appeal, Plaintiffs' shocks the conscience claim against Defendants Jackson and McKenzie will go forward no matter how their statutory immunity appeal is resolved. Here, Plaintiffs only seek to lift the stay of discovery on constitutional claims against Defendants Jackson and McKenzie. Defendants Jackson and McKenzie will not be forced to defend the state law claims that are actually being appealed. *See Knox v. City of Royal Oak*, 2007 WL 1775369, at *2 (E.D. Mich. June 20, 2007) (finding that defendants appealing immunity on two claims would not be prejudiced by proceeding on four claims for which they did not assert the defense of qualified immunity). Therefore, the second factor weighs against a stay.

As the Court found in its Order granting a stay, the third factor weighs slightly in favor of Plaintiffs as a stay will delay litigation. (Doc. 38 at 6). The Court maintains that position and therefore finds that the third factor weighs against a stay.

In the Court's Order granting a stay, the Court found that the fourth factor did not weigh in favor of either party. However, the Court now finds that, because a stay of discovery related to state law claims against Defendants Jackson and McKenzie will remain in effect, a stay on the constitutional claims against Defendants Jackson and McKenzie and all claims against the Board Defendants and Defendant McLaughlin is not in the public interest. Moreover, because protection of constitutional rights is always in the public interest, the fourth factor weighs against a stay.

The Court agrees with the Sixth Circuit's finding that Plaintiffs' constitutional claims "are very fact-dependent, and resolving these constitutional issues requires further factual development." *In re Cincinnati Board of Education*, No. 19-0301, slip op. at 2 (6th Cir. Mar. 26, 2019). Discovery is now necessary to determine the merits of Plaintiffs' claims. Accordingly, upon balancing the four factors, the Court finds that justice requires the lifting of the stay of discovery on all claims against the Board Defendants and Defendant McLaughlin and on the constitutional claims against Defendants Jackson and McKenzie.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to lift stay (Doc. 40) is **GRANTED**.

**IT IS SO ORDERED.**

Date: _____5/29/19_____

Timothy S. Black
United States District Judge