# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Karen Meyers as Administratrix of the Estate of Gabriel Taye, et al,** | : : : : | **Case No. 1:17-cv-521** |
| **Plaintiffs,** | : : | **Judge: Timothy S. Black** |
| v. | : : | |
| **Cincinnati Board of Education et al.,** | : : | |
| **Defendants.** | : | |

## STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

Undersigned counsel, on behalf of their respective parties, move the Court to enter into the following protective order ("Order"). The Court recognizes that discovery activity in this case will require the disclosure of autopsy records, medical and mental health records, student records, and other sensitive personal information of parties and non-parties, including minors and students. Under Rule 26(c) of the Federal Rules of Civil Procedure and federal law protecting such information, good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to obtain and produce such information. Accordingly, the parties stipulate and the Court ORDERS that the parties shall be bound by the following restrictions of this Order:

### INFORMATION SUBJECT TO THIS ORDER

1. This Order shall govern all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)) and other products of discovery obtained by the parties from one another, and from non-parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the

Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

2a. Any party or non-party that produces information as to which it then has a reasonable good faith basis in law and fact to believe is autopsy records, medical records, mental health records, student records, or other sensitive personal information of parties and non-parties, including minors and students, at the time of production, shall designate such information "CONFIDENTIAL." Information designated "CONFIDENTIAL" is "Confidential Information" and shall thereafter be subject to the provisions of this Order.

2b.  Information that is properly in the public domain at the time of disclosure, independently developed by the receiving party, or that is in the possession of or becomes available to the receiving party other than through discovery in this action is not Confidential Information subject to this Protective Order.

3. Confidential Information shall be so designated by stamping "CONFIDENTIAL" on each page. If the Confidential Information cannot be so labeled, it must be designated "CONFIDENTIAL" in some other conspicuous manner (e.g., by placing a "CONFIDENTIAL" label on the outside of any electronic device containing Confidential information).

4. Parties may designate as confidential any deposition testimony regarding documents identified as Confidential Information when referenced in any deposition by making such designation on the record at the time of the deposition.  If no Confidential Information designation is made during a deposition, the contents shall be treated as confidential under this Order until 15 days after receipt of the deposition transcript.  Within that time period, any party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and shall then serve that designation by electronic or U.S. mail upon counsel

for all parties. However, if no party orders a copy of the deposition transcript at the time of the deposition or within 5 business days of the deposition, the contents of the deposition in its entirety shall be treated as confidential up to and until a copy of the transcript is ordered.

5. In the event of an inadvertent disclosure of Confidential Information without proper designation, the disclosing party shall inform the other party of the error. Inadvertent failure to designate any information pursuant to this Order shall not constitute a waiver of an otherwise valid claim for protection, so long as such claim is asserted within 30 days after the discovery of the inadvertent disclosure. Following discovery of the inadvertent disclosure, the disclosing party shall provide within 3 business days a properly designated set of such Confidential Information to the other party, whom shall destroy copies of the improperly designated documents and certify such destruction to the disclosing party. Nothing in this Protective Order is intended to, or shall be deemed to, alter the operation of Fed. R. Civ. P. 26 or Fed. R. Evid. 502 regarding inadvertent disclosure of information subject to a valid privilege or protection in this litigation.

6. Confidential Information protected by this Order may be disclosed only to the following:

    a. Counsel of record;

    b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel;

    c. The Court and its personnel;

    d. Expert consultants or witnesses retained by any party;

    e. Parties,

        i. For the Cincinnati Board of Education, this only includes the Board members, the Superintendent, and legal counsel; and

        ii. For Defendant Margaret McLaughlin, this only includes Margaret McLaughlin, the Cincinnati Health Commissioner, the Chair of the Board of Health and legal counsel;

    f.     A deponent and his or her attorney, but only during the course of his or her deposition;

    g.     Court reporters and videographers and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

    h.     Defendants' insurers, claim adjusters, and personnel;

    i.     Professional vendors and their employees, including copy services, e-discovery services, trial graphics services, and translation services, engaged by counsel.

7. Prior to receiving any Confidential Information, any person described in Paragraph 6(d)-(i) shall be furnished with a copy of this Order and execute the Agreement attached as Exhibit A. The signed Agreement shall be maintained by counsel until the conclusion of this action.

8. While protected by this Order, any Confidential Information shall be held in confidence by each person to whom it is disclosed.

9. Any document subject to this Order that is used at trial, in discovery, in a deposition, expert report, pleading, or in any other way so as to make it a potentially public record, shall be submitted "under seal" with prior permission of the Court, upon motion and for good cause shown. This Order does not authorize filing protected Confidential Information under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

10. Within 30 days following a final determination of this litigation, every person or party to whom Confidential Information has been furnished or produced shall destroy all copies to the extent permitted by law, and provide the producing party with counsel's certification of that destruction.  This paragraph includes deposition exhibits, but not attorney notes.  This paragraph does not require any party to return or destroy any information which was filed with the Court.

11. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding and may be amended as needed by the mutual consent and agreement of counsel, subject to the ultimate approval of the Court, as provided below.

12. After the termination of this proceeding, this Order shall continue to be binding upon the parties, and upon all persons to whom Confidential Information has been disclosed or communicated, and the Court shall retain jurisdiction for enforcement of its provisions.

13. Notwithstanding the above statements, this Order does not govern the procedures for the use of the documents or information to which this Order applies at any trial of this matter. Rather, in the event of a trial of this matter, the parties will work to enter into a written agreement as to the use of the documents or information to which this Order applies at any such trial, subject to the instructions of the Court.

This Order is subject to modification by the Court.

IT IS SO ORDERED.

  1/31/2020  
Date

  *s/Timothy S. Black*  
Timothy S. Black  
United States District Judge

Approved by and agreed to:

/s/ Jennifer L. Branch
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff Estate of Gabriel
Taye and Cornelia Reynolds
Alphonse A. Gerhardstein (0032053)
Attorneys for Plaintiff Estate of Gabriel Taye
and Cornelia Reynolds
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
Tel: (513) 621-9100
Fax: (513) 345-5543
jbranch@gbfirm.com
agerhardstein@gbfirm.com

/s/ Carla L. Leader
Carla L. Leader (0081597)
Attorney for Plaintiff Estate of Gabriel Taye
and Cornelia Reynolds
The Law Office of Carla Loon Leader, LLC
420 W. Loveland Avenue, Suite 109
Loveland, OH 45140
Telephone: (513) 909-4332
Fax: (513) 206-9994
carla@carlaleader.com

/s/ Michele L. Young
Michele L. Young (0062011)
Gregory S. Young (0033617)
Christine M. Hammond (0093647)
Attorneys for Plaintiff Estate of Gabriel Taye
and Benyam Taye
Gregory S. Young Co., LPA
600 Vine Street, Suite 402
Cincinnati, OH 45202
Telephone: (513) 721-1077
Fax: (513) 721-1919
myoung@younginjurylaw.com
chammond@younginjurylaw.com

/s/ Aaron M. Herzig
Aaron M. Herzig (0079371)
Philip D. Williamson (0097174)
Taft Stettinius & Hollister
425 Walnut Street, Suite 180
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com
pwilliamson@taftlaw.com

Daniel J. Hoying (0079689)
Cincinnati Public Schools
2651 Burnet Ave.
Cincinnati, OH 45219
Phone: (513) 363-0114
Fax: (513) 363-0115
hoyingd@cpsboe.k12.oh.us

R. Gary Winters (0018680)
Ian R. Smith (0068195)
McCaslin Imbus & McCaslin
632 Vine Street, Suite 900
Cincinnati, OH 45202
Phone: (513) 421-4646
Fax: (513) 421-7929
rgwinters@mimlaw.com
irsmith@mimlaw.com

*Attorneys for Cincinnati Board of Education, Mary Ronan, Ruthenia Jackson, and Jeffrey McKenzie, Defendants*

/s/Emily Smart Woerner
Peter J. Stackpole (0072103)
Emily Smart Woerner (0089349)
City of Cincinnati City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-3350
Fax: (513) 352-1515
peter.stackpole@cincinnati-oh.gov
emily.woerner@cincinnati-oh.gov
*Attorneys for Defendant Margaret McLaughlin*

John B. Welch , Esq.
Arnold Todaro Welch & Foliano

580 Lincoln Park Blvd., Suite 222
Dayton, Ohio 45429-3493
Phone: (937) 296-1600
Fax: (937) 296-1644
jwelch@arnoldlaw.net
*Attorney for Defendant Margaret McLaughlin*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Karen Meyers as Administratrix of the Estate of Gabriel Taye, et al,** | : : | **Case No. 1:17-cv-521** |
| | : | **Judge: Timothy S. Black** |
| **Plaintiffs,** | : | |
| v. | : : | |
| **Cincinnati Board of Education et al.,** | : : | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |
| **Defendants.** | : | |

The undersigned acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                              Signature