UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN MEYERS, *et al.*, | : | Case No. 1:17-cv-521 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CINCINNATI BOARD OF EDUCATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO FILE UNDERSEAL (Doc. 64)**

This civil action is before the Court on Plaintiffs' motion to seal confidential student records in support of Plaintiffs' motion to compel. (Doc. 64). Plaintiffs seek to file student records, a student health record, and Carson Elementary School's investigative under seal pursuant to Local Rule 5.2.1(a) without submitting redacted versions. On October 27, 2020, the Court temporarily granted Plaintiffs leave to file the documents at issue under seal for the Court to review. Plaintiffs have now filed the documents at issue, and their motion is ripe for review.

**I.  STANDARD OF REVIEW**

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

There is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Recently, the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail,

2

>   document by document, the propriety of secrecy, providing reasons and
>   legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings.") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court which chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

## II. ANALYSIS

After carefully reviewing the documents at issue, it is clear that the exhibits contain confidential information related to students at Carson Elementary that warrant being filed under seal.

3

First, Plaintiffs have shown that there is a compelling reason for non-disclosure of the documents it seeks to file under seal.  The documents contain student behavior and health records, and are protected by the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.  Moreover, the Sixth Circuit has recognized, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Shane*, 825 F.3d at 308.  Here, the Court finds that allowing Plaintiffs to file the exhibits under seal is appropriate to protect confidential information and the privacy of involved students.

Next, there will be no harm to the public interest if Plaintiffs file the exhibits at issue under seal.  On the Court's review, the public has little interest in confidential information related to elementary school students, and will not need that information to understand the events giving rise to this dispute, or the arguments made in that motion. *See Shane Grp.*, 825 F.3d at 305.

Finally, Plaintiffs seeks to file the confidential exhibits under seal without filing redacted versions.  (Doc. 64 at 1–2).  The Court prefers, and the public interest generally favors, a party seeking to file documents under seal to also file redacted versions on the public docket.  Yet after a thorough review of the confidential documents, the Court agrees with Plaintiffs that "the mere redaction of names and identifying information is not enough to adequately protect the privacy of the involved students."  (*Id.* at 2). Accordingly, Plaintiffs' motion to file underseal without also filing a redacted version is well-taken.

## IV.  CONCLUSION

Based upon the foregoing, Plaintiffs' unopposed motion for leave to file confidential student reocrds under seal (Doc. 64) is **GRANTED**.  Plaintiffs' confidential exhibits in support of Plaintiffs' motion to compel (Docs. 65-1–7) may remain under seal.

**IT IS SO ORDERED.**

Date:  11/9/2020 */s/ Timothy S. Black*
Timothy S. Black
United States District Judge