# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| KAREN MEYERS, *et al.*, | : | Case No. 1:17-cv-521 |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| CINCINNATI BOARD OF EDUCATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION TO COMPEL (Doc. 63)

This civil action is before the Court on Plaintiffs' motion to compel student records (Doc. 63), and the parties' responsive memoranda (Docs. 69, 70, 72, 73).[1] Plaintiffs' motion seeks four categories of student records: (1) behavior logs for all boys who were in Gabriel Taye's third grade class for the academic years ("AY") 2014–17; (2) discipline log entries for all boys who were in Gabriel Taye's third grade class for AY2014–17; (3) unredacted and legible discipline chart for all Carson students during AY2014–17; and (4) records that support the discipline logs and charts, including conference reports, parent communications, and other records regarding student discipline at Carson during AY2014–17.

---

[1] An overview of the factual background of this case can be found in the Court's Order granting in part and denying in part Defendants' motion to dismiss. (*See* Doc. 26 at 2–4).

## I.  STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to produce documents as requested under Rule 34.  Fed. R. Civ. Pro. 37(a)(3)(B)(iv). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.,* No. 1:05–cv–273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation,* 186 F.R.D. 154, 159 (D.D.C.1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper–Jarrett, Inc.,* 424 F.2d 499, 500–01 (6th Cir. 1970).  However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).

The party moving to compel discovery must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see*

2

*also* S.D. Ohio Civ. R. 37.1. Plaintiffs have certified that they have made good faith attempts to obtain the necessary discovery without involving the Court (Doc. 63 at 3), and the Court knows that to be true.

## II. ANALYSIS

Plaintiffs seek four categories of student records: behavior logs, discipline logs, an unredacted, legible discipline chart, and discipline records explaining the events described in discipline logs and charts. Plaintiffs contend that these documents are relevant and not privileged. Defendant Cincinnati Board of Education ("CPS") opposes the production of those documents, arguing that they are not relevant to Plaintiffs' claims, and place a disproportionate burden on CPS. The Court will address these categories of document requests in turn.

### A. Behavior Logs and Discipline Logs

First, Plaintiffs seek the AY2014–17 student behavior logs and discipline logs for all boys who were in Gabriel's third grade class, totaling approximately 36 students.[2] Plaintiffs contend that these records are relevant to their claims that the CPS defendants violated Gabriel's substantive due process rights by concealing and covering-up the level of violence that Gabriel and other students faced at Carson Elementary School.

CPS notes that it has already produced student records for dozens of students whose names have arisen during discovery. Yet CPS opposes the production of student-behavior and student-disciple logs for more than 30 additional students. CPS contends

---

[2] Plaintiffs' reply brief suggests that Plaintiffs are only seeking the records for 29 boys in Gabriel's third grade class. (Doc. 70 at 8).

3

that Plaintiffs have not shown that these additional students had any connection to Gabriel. CPS argues that, while courts have ordered the disclosure of educational records when they are clearly relevant, Plaintiffs have failed to show that the requested records are relevant to their claims. (Doc. 69 at 4 (citing *Black v. Kyle-Reno*, 1:12-cv-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014)).

Additionally, CPS argues that Plaintiffs' requests are overbroad and seek highly sensitive materials protected by the Family Educational Rights and Privacy Act ("FERPA"). FERPA helps "protect the privacy interests of students and their parents," by "limiting the transferability of their records without their consent." *United States v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002) (internal quotation marks and citation omitted). Under FERPA, a party seeking the disclosure of school records must meet a significantly higher burden to show that need for the records outweighs the privacy interest of students. *See Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 292 (E.D.N.Y. 2008) (a "party seeking disclosure of education records protected by FERPA bears 'a significantly heavier burden . . . to justify disclosure than exists with respect to other kinds of information, such as business records.'"); *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 526 (N.D. Ga. 2012) (a party seeking the school records must "show that its interests in obtaining the records outweighs the significant privacy interest of the students."). CPS argues that if Plaintiffs' motion to compel is granted, they will have to notify all of the parents whose children's records are being disclosed that they are being produced in a wrongful-death case. CPS contends that communicating with families regarding disclosure of records would create needless anxiety for parents and

4

students.

Here, the Court finds that the student-behavior logs and student-discipline logs for the boys in Gabriel's third-grade class are clearly relevant as they relate to bullying and aggressive behavior occurring in Gabriel's class. Plaintiffs note that the student records produced by CPS so far have uncovered additional details regarding known bullying events involving Gabriel, and additional incidents involving Gabriel that were not in his logs. (*See* Doc. 63 at 5–8). Plaintiffs argue that there are still incidents in Gabriel's logs that are missing information needed to determine whether the events involved bullying or aggressive behavior. (Doc. 70 at 3). Furthermore, the complaint references 13 students, but eight of the students are still unidentified. It is clear that the student-behavior and discipline-logs are relevant to Plaintiffs' claims, and that the additional requested logs will likely uncover additional relevant evidence about both known incidences and unknown incidences of bullying.

While the Court is sensitive to the privacy interests of the boys in Gabriel's third-grade class, here the need for the student records outweighs those privacy interests. *See Jackson v. Willoughby Eastlake Sch. Dist.*, No. 1:16CV3100, 2018 WL 1468666, *4 (N.D. Ohio March 23, 2018) (finding that the need for discovery of student disciplinary records related to bullying outweighed students' privacy interests). These two categories of documents clearly seek relevant evidence that goes to the heart of Plaintiffs' claims. Moreover, the parties' protective order (Doc. 49) will adequately protect all of the confidential information contained in these student records, just as it has for the student records already produced by CPS. Accordingly, Plaintiffs' requests for student-behavior

5

logs and student-discipline logs for boys in Gabriel's class is well-taken.

## B. Unredacted Discipline Chart and Supporting Records

Next, Plaintiffs seek an unredacted discipline chart for all Carson students during AY2014–17, and all records supporting the discipline logs and charts. Unlike the limited request for the behavior and discipline logs of boys in Gabriel's class, these requests are less likely to uncover relevant evidence and would invade the privacy of more than 230 Carson male and female students. (Doc. 69 at 7).

Regarding the discipline chart, Plaintiffs do not make a showing that an unredacted version of the discipline chart would lead to clearly discoverable evidence, and the Court cannot find that the any relevant evidence would clearly outweigh the privacy interests of over 230 students. For that reason, the Court finds that Plaintiffs' request for production of a discipline chart with all Carson students' names unredacted is not well-taken as it is overly broad and burdensome on CPS Defendants, not tailored to uncover relevant evidence, and is not outweighed by the privacy interest of students. Nevertheless, the Court finds that CPS should produce a legible discipline chart with the names of all the boys in Carson's class unredacted.

On Plaintiffs' request for all of the records supporting the discipline logs and charts—including conference reports, parent communications, discipline documents, removal letters, and other documents—the Court again finds the request to be overly broad, and the probative value of the evidence does not outweigh the privacy interest of the students. Most of these requested records will have little connection to the claims in this case as they are not directed towards incidences involving Gabriel. Because it is

6

unlikely that these requested records will uncover clearly relevant evidence, it would be unreasonable and burdensome for CPS to provide hundreds of families with a FERPA notice.  Therefore, Plaintiffs' request for all records supporting the discipline logs and charts is not well-taken.  Yet, if Plaintiffs can show that requested records supporting discipline logs and charts specifically relate to incidents involving Gabriel, then CPS should produce those documents.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel student records (Doc. 63) is **GRANTED in part** and **DENIED in part** as follows:

1) Plaintiffs' request for the behavior log entries during AY2014–17 for all boys who were in Gabriel Taye's third grade class is **GRANTED**;

2) Plaintiffs' request for discipline log entries during AY2014–17 for all boys who were in Gabriel Taye's third grade class is **GRANTED**;

3) Plaintiffs' request for unredacted and legible disciple chart for all Carson students during AY2014–17 is **DENIED in part**.  Defendant CPS is only required to produce a legible version of the discipline chart with the names of boys in Gabriel Taye's third-grade class unredacted;

4) Plaintiffs' request for records that support the discipline logs and charts is **DENIED in part**.  Defendant CPS is only required to produce records supporting discipline logs and charts if Plaintiffs can make a showing that the records relate to an incident involving Gabriel Taye.

**IT IS SO ORDERED.**

Date:  November 23, 2020 　　　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge