**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KAREN MEYERS,** as Administratrix of the Estate of **GABRIEL TAYE et al, Plaintiffs,** | : : : : : | Case No. Ohio No. 1:17-cv-521na  JUDGE TIMOTHY S. BLACK |
| vs. | : : : : | **JOINT MOTION AND APPLICATION TO ESTABLISH QUALIFIED SETTLEMENT FUND** |
| **CINCINNATI BOARD OF EDUCATION, et al.,** Defendants | : : : : | |

Comes now Alphonse A. Gerhardstein, Michele Young and Carla Loon Leader as Counsel for Plaintiffs including The Estate of Gabriel Benyam Taye (hereinafter referred to collectively as "Plaintiffs"), as well as John Welch, Counsel for a Defendant employee of the City of Cincinnati and Aaron Herzig, Counsel for the Defendant Cincinnati Board of Education, and its employees ("Defendants") (collectively, "Parties").

The Parties have resolved a dispute currently pending in this Court under the case caption denoted above. The settlement has monetary and non-monetary terms. The non-monetary terms include processes to address the issue of bullying in the Cincinnati Public School System and associated monitoring and training. The Parties seek to invoke the continued jurisdiction of this Court to establish a qualified settlement fund to assist in the administration of the settlement, including those nonmonetary terms.

Specifically, the Parties request that this Court issue an Order:

1) establishing a fund, to be called **'The Gabriel Benyam Taye Qualified Settlement Fund'** ("the Fund"), under Section 468B of the Internal Revenue Code and Treasury Regulations § 1.468B-1 *et seq.*; and

2) appointing Karen D. Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, MSSC, of K.D. Meyers & Associates, PSC, 2651 Observatory Avenue, Cincinnati, Ohio 45208, as the Administrator of said Fund ("the Administrator").

The reasons for the foregoing requests are stated in the following Memorandum. A draft order is attached. The parties acknowledge and agree that nothing in this Order is inconsistent with or alters the terms of the Settlement Agreement among them.

## MEMORANDUM

Certain events occurred during which Gabriel Benyam Taye died as a result of personal physical injuries (the "Tragedy") on January 27, 2017. In an effort to facilitate the resolution of complex claims, allow a proper allocation and distribution of funds, provide an efficient resolution for the parties, and prevent the economic and emotional toll litigation could bring, the parties mediated the lawsuit related to that Tragedy over several weeks prior to filing this Application.

Plaintiffs asserted claims associated with personal physical injuries, physical sickness and loss of consortium stemming from alleged actions by Defendants. Defendants denied any wrongdoing and denied any liability. On June 7, 2021, the Parties agreed to a full and final settlement of all claims involving economic and noneconomic terms. A copy of the fully executed settlement agreement is attached.

**I. PAYMENT INTO THE GABRIEL BENYAM TAYE QUALIFIED SETTLEMENT FUND**

The Defendants agreed to pay $3,000,000.00 (Three Million 00/100 dollars) into The Gabriel Benyam Taye Qualified Settlement Fund by June 10, 2021, so long as this Court has entered the Order establishing the Fund.

**II. THE GABRIEL BENYAM TAYE QUALIFIED SETTLEMENT FUND**

The final allocation of the settlement funds among the eligible members/payees is presently unknown. Because of complex distribution issues, an additional period of time is needed to implement the settlement. Hence there is a need for the establishment of a Qualified Settlement Fund (as described in Treas. Reg. 1.468B-1)[1] established by order of this Court. It is proposed that the Fund be known as 'The Gabriel Benyam Taye Qualified Settlement Fund.' Parties also propose the following:

1) That any and all monies received in settlement of this matter are to be placed in United States Government paper, funds holding only United States government paper, Certificates of Deposit subject to the Federal Deposit Insurance Corporation, or like financial instruments. Distributions may not be made from the Fund under any

---

[1] Pursuant to Treas. Reg. 1.468B-1(c) ("Requirements".), "[a] fund, account, or trust satisfies the requirements of this paragraph (c) if- (1) It is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing and is subject to the continuing jurisdiction of that governmental authority[.]" Historically, courts have used 468B Qualified Settlement Funds because government agencies (other than the Environmental Protection Agency) do not have any processes in place for such Funds.

circumstances without an Order from this Court or an entry of the Hamilton County Ohio Probate Court as described in number 2) below; and

2) In the case of the survival or wrongful death claims, an order shall also be required from the Probate Court of Hamilton County, Ohio, which shall be filed with this Court as an attachment to a Distribution Request. Such order from said Probate Court shall specify the allocation if any to a survival claim which has a different allocation than wrongful death claims in the State of Ohio under Ohio Revised Code Title 21 Chapter 2125; and

3) The Fund may, with the consent of persons with whom it enters into Agreements, assign any periodic payment liabilities created under any settlement agreements to a qualified assignee(s) by entering into qualified assignments of such periodic payment liabilities within the meaning of Section 130(c) of the Internal Revenue Code. The qualified assignee(s) shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(d) of the Internal Revenue Code to fund any periodic payment liabilities assigned to the qualified assignee(s). If any such qualified funding asset is other than an obligation of the United States, it shall be an annuity contract issued by a life insurance company that is rated A+ or better by A.M. Best Company..

4) Persons entering into Agreements with The Fund shall agree in writing to a discharge of The Fund's liabilities to make any periodic payments under the Agreements by executing, along with The Fund and the qualified assignee, a qualified assignment of said liabilities.

5) The claims made against Defendants as a result of the Tragedy are made on account of the personal physical injury under Internal Revenue Code Section 104 (a) (2). The qualified assignee is not and shall not be related to Plaintiffs within the meaning of Section 267(b) or Section 707(b)(l) of the Internal Revenue Code and is not and shall not be either controlled by, nor control directly or indirectly, The Fund.

### III. THE FUND ADMINISTRATOR

Karen D. Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, MSSC is an experienced Fund Administrator, having served in several State and Federal cases, including, but not limited to, three cases arising from the September 11, 2001, National Tragedy and the associated U.S. Government Victim's Compensation Fund filed in United States District Court for the Southern District of New York, in New York City, New York. Ms. Meyers has also served in various roles in similar cases brought in this Court. This Court has appointed Ms. Meyers as a Fund Administrator in the following cases:

- In re Kyle Plush Qualified Settlement Fund, USDC, SD OH, Case: 1:21-mc-00004-MRB-SKB (Order, 5/3/210

- The class action settlement involving the Hamilton County Coroner (*Chesher v. Neyer*, Case No. 1:01-cv-566).

- The settlement resulting from the death of Samuel DuBose (*Brooks v. Tensing*, Case No. 1:16-cv-308).

- *In Re Jane and Joan Doe*, Case No. 1:10-MC-38.

- *Estate of Roger Owensby, Jr. v. City of Cincinnati*, Case No. 01-CV-769.

Additionally, Ms. Meyers has been appointed by other courts in numerous cases including but not limited to:

- *D.D. v. Washington County, Ohio*, Case No. 2:10-cv-1097 in the U.S. District Court for the Southern District of Ohio, Eastern Division.

- *Rush v. City of Mansfield,* Case No. 1:07-cv-01068 in the U.S. District Court for the Northern District of Ohio, Eastern Division.

- *Kessnick v. Club Car Acceptance Corp.*, Case No. 06-CI-00080 in the Gallatin Circuit Court, Commonwealth of Kentucky.

**IV. NON-MONETARY TERMS**

Because no settlement payment can make any family whole from the damages suffered in any loss of a family member. the negotiations included discussions of non-economic terms. Therefore, as a material term of the attached settlement agreement the parties have agreed to non-monetary provisions designed to assist the Cincinnati Public School System in its effort to address the challenges of bullying in its schools.

**V. CONCLUSION**

WHEREFORE, Parties respectfully request that this Court enter an Order:

1) Establishing The Gabriel Benyam Taye Qualified Fund ('Fund") as a Qualified Settlement Fund within the meaning of Treasury Regulation 1.468B-1.

2) Appointing Karen D. Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, MSSC of K. D. Meyers & Associates, PSC, 2651 Observatory Avenue, Cincinnati, Ohio 45208 as Administrator of said Fund.

3) Filing the name and address of the Financial Institution(s) receiving the funds in this matter with the Court

4) Requiring that the Financial Institution in which the monies are deposited shall be noticed by certified mail, regular mail and personally by the Qualified Fund Administrator that no monies may be distributed to any party at any time without an allocation hearing and a filing of a Hamilton County Probate Court Order authorizing the distribution of the survival and wrongful death claims and associated costs and fees. A receipt of funds by said Financial Institution shall be filed with this Court no later than 72 business hours after the funds are received. Copies of said Notice sent by mail shall be filed with this Court the day in which said mail is placed into the United States Postal System.

5) Requiring that any and all monies received in settlement of this matter are to be placed in United States Government paper, funds holding only United States government paper, Certificates of Deposit subject to the Federal Deposit Insurance Corporation, or like financial instruments and may not be distributed from the Fund under any circumstances without an Order from the Probate Court of Hamilton County, Ohio on the survival and wrongful death claims and a filing of said Order with this Court as denoted above.

6) Given the reasons stated in paragraphs 5 and 6 of the proposed Order and the fact that a Bond would reduce the monies available to the ultimate court-ordered

recipients, no Bond shall be required in this matter as has been the past practice of this Court under like circumstances.

7) The Order should authorize The Fund to enter into Agreements and any Qualified Assignments, including full and final releases of the Fund, with appropriate persons, including the use of settlements with periodic payments upon obtaining any necessary orders from the Probate Court.

7) The Order should require The Fund to file quarterly Financial Statements with the Court and The Parties no later than the 20th day of the month following the month for which the report is submitted and Status Reports every six months starting October 1, 2021.

9) Recognizing the interest rate environment is extremely low in the restricted investments, The Order should require The Fund to utilize interest earned by the Fund, if any, to make payment toward the Fund Administrator's Fees and Expenses with the balance remaining due labeled as such and distributed by Order of the Court. All other expenses of said Fund Administration shall be paid from $12,250.00 from the settlement which shall be disclosed, subject to approval and held back in the Qualified Settlement Fund as reflected as an expense in Probate Filings. The Administrator shall file Invoices for Qualified Fund Services for approval with this Court.

10 ) The order should require the Fund to (i) file any tax returns as they become due, (ii) pay any taxes as they become due from earnings on the Fund, and (iii) file a final Distribution Report with this Court terminating the Fund once all matters are resolved.

Respectfully submitted,

/s/ Aaron M. Herzig
Aaron M. Herzig (0079371)
Philip D. Williamson (0097174)
Spencer S. Cowan (0099556)
Taft Stettinius & Hollister
425 Walnut Street, Suite 180
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com
pwilliamson@taftlaw.com
scowan@taftlaw.com

Daniel J. Hoying (0079689)
Cincinnati Public Schools
2651 Burnet Ave.
Cincinnati, OH 45219
Phone: (513) 363-0114
Fax: (513) 363-0115
hoyingd@cpsboe.k12.oh.us

Emily Smart Woerner (0089349)
City of Cincinnati City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-3350
Fax: (513) 352-1515
emily.woerner@cincinnati-oh.gov

/s/ John B. Welch
Arnold Todaro Welch & Foliano
580 Lincoln Park Blvd., Suite 222
Dayton, Ohio 45429-3493
Phone: (937) 296-1600

/s/Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiff Estate of
Gabriel Taye and Cornelia Reynolds
M. Caroline Hyatt (0093323)
Attorneys for Plaintiff Estate of Gabriel
Taye and Cornelia Reynolds
Friedman Gilbert +Gerhardstein
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
Tel: (513) 621-9100
Fax: (513) 345-5543
al@FGGfirm.com
caroline@FGGfirm.com

Carla L. Leader (0081597)
Attorney for Plaintiff Estate of Gabriel
Taye and Cornelia Reynolds
The Law Office of Carla Loon Leader, LLC
420 W. Loveland Avenue, Suite 109
Loveland, OH 45140
Telephone: (513) 909-4332
Fax: (513) 206-9994
carla@carlaleader.com

Michele L. Young (0062011)
Gregory S. Young (0033617)
Christine M. Hammond (0093647)
Christopher D. Byers (0079369)
Attorneys for Plaintiff Estate of Gabriel
Taye and Benyam Taye
Gregory S. Young Co., LPA
600 Vine Street, Suite 402
Cincinnati, OH 45202
Telephone: (513) 721-1077
Fax: (513) 721-1919
myoung@younginjurylaw.com
chammond@younginjurylaw.com

Fax: (937) 296-1644  cbyers@youginjurylaw.com
jwelch@arnoldlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2021, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/s/ Alphonse A. Gerhardstein
Attorney for Plaintiffs