UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN MEYERS, | : | Case No. Ohio No. 1:17-cv-521na |
| as Administratrix of the Estate of | : | JUDGE TIMOTHY S. BLACK |
| GABRIEL TAYE et al, Plaintiffs, | : | |
| vs. | : | **ORDER ESTABLISHING** |
| | : | **QUALIFIED SETTLEMENT** |
| | : | **FUND AND APPOINTING** |
| CINCINNATI BOARD OF | : | **FUND ADMINISTRATOR** |
| EDUCATION, et al., | : | |
| Defendants | : | |

For good cause shown, the Joint Petition and Application to Establish Qualified Settlement Fund and appoint Fund Administrator is granted. It is hereby ordered that:

1. The **Gabriel Benyam Taye Qualified Settlement Fund** ('Fund") is established as a Qualified Settlement Fund within the meaning of Treasury Regulation 1.468B-1.

2. The Court shall accept jurisdiction over the non-monetary terms of the settlement agreement attached to the petition as part of its assumption of jurisdiction over the Qualified Settlement Fund.

3. Karen D. Meyers, MBA/JD, MEd, CPCU, CLU, FLMI, CSSC, MSSC of K.D. Meyers & Associates, PSC, 2651 Observatory Avenue, Cincinnati, Ohio 45208, is appointed as Administrator of said Fund.

4. Any monies received in settlement of this matter shall be held in said Fund under the terms of the aforementioned Petition until an Entry Ordering Distribution of

said Funds ('Order") is obtained from the Probate Court of Hamilton County, Ohio as to survival and wrongful death claims and filed with this Court.

5. The name and address of the Financial Institution(s) receiving the funds in this matter shall be filed with the Court at least five days prior to the deposit of said funds.

6. The Financial Institution in which the monies are deposited shall be noticed by certified mail, regular mail and personally by the Qualified Fund Administrator that no monies may be distributed to any party at any time without an allocation hearing and a filing of an Order from the Probate Court of Hamilton County, Ohio authorizing the distribution of the survival and wrongful death claims and associated costs and fees. A receipt of funds by said Financial Institution shall be filed with this Court no later than 72 business hours after the funds are received. Copies of said Notice shall be filed with this Court the day in which said Notice is placed into the United States Postal Mail System.

7. Any and all monies received in settlement of this matter are to be placed in United States Government paper, funds holding only United States government paper, Certificates of Deposit subject to the Federal Deposit Insurance Corporation, or like financial instruments and may not be distributed from the Fund under any circumstances without an Order from the Probate Court of Hamilton County, Ohio on the survival and wrongful death claims and a filing of said Order with this Court as denoted above.

8. Given the reasons stated in paragraphs 5, 6, and 7 of this Order and the fact that a Bond would reduce the monies available to the ultimate distributees/court-ordered

recipients, no Bond shall be required in this matter as has been the past practice of this Court under like circumstances.

9. The Fund is authorized to enter into Agreements, including full and final releases of the Fund, with appropriate persons, including the use of settlements with periodic payments upon obtaining any necessary orders from the Probate Court.

10. The Fund is authorized to effect qualified assignments of any resulting periodic payment liability within the meaning of Section 130 (c) of the Internal Revenue Code to a qualified assignee(s) and execute any associated documents.

11. The Fund is ordered to file quarterly Financial Statements with the Court no later than the 20th day of the month following the month for which the report is submitted and Status Reports every six months starting October 1, 2021. A copy of the Report showing the balance on the involved Financial Institution's (s') paper shall be filed with said Quarterly Statement.

12. The Fund is ordered, recognizing the interest rate environment is extremely low in the restricted investments, to utilize interest earned by the Fund, if any, to make payment toward the Fund Administrator's Fees and Expenses with the balance remaining due labeled as such and distributed when authorized by Order of the Court.

13. The Fund is ordered to (i) file any tax returns as they become due, (ii) pay any taxes as they become due from earnings on the Fund, and (iii) file a final Distribution Report with this Court terminating the Fund once all matters are resolved.

14. The Fund is ordered, recognizing the interest rate environment is extremely low in the restricted investments, to utilize interest earned by the Fund, if any, to make payment toward the Fund Administrator's Fees and Expenses with the balance remaining due labeled as such and distributed by Order of the Court. All other expenses of said Fund Administration shall be paid from $12,250.00 of the settlement which shall be held back as designated in Probate Filings. The Administrator shall file Invoices for Services for approval with this Court. If any Funds set aside for Administrative Fees remain in the Qualified Settlement Fund when this Fund is terminated, they shall be distributed pursuant to the final order of the Probate Court of Hamilton County, Ohio which has been filed with this Court as denoted in Para. 6 above.

IT IS SO ORDERED

*Timothy S. Black*
United States District Court

Agreed:

s/Alphonse A. Gerhardstein
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiffs

s/Aaron M. Herzig
Aaron M. Herzig (0079371)
Trial Attorney for CPS Defendants

s/John Welch
John Welch (0055337)
Trial Attorney for Defendant McLaughlin